**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 SW Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **J.G.T.**, | Case No. 2:24-cv-242 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **OREGON DEPARTMENT OF CORRECTIONS**; **FELICIA JONES;** and **JOHN DOE,** | |
| Defendants. | |

Plaintiff alleges as follows:

1.      Plaintiff J.G.T.,[1] an inmate in the custody of the Oregon Department of

Corrections (ODOC), then housed at Two Rivers Correctional Institution (TRCI), was sexually

---

[1] Plaintiff J.G.T. appears by his initials for fear of retaliation, humiliation, and abuse.

PAGE 1 – COMPLAINT

harassed, and abused by the food service coordinator where he worked. Defendant negligently failed to take measures to prevent this abuse. The food service coordinator acted within the course and scope of her employment when she harassed and assaulted Plaintiff.

2. Defendant violated Plaintiff's statutory rights to not be sexually harassed and retaliated against for opposing sexual harassment in the workplace.

3. Plaintiff seeks compensatory and punitive damages, as well as attorney fees and costs as set forth below.

4. Plaintiff was disciplined and sent to disciplinary segregation in retaliation for opposing the coordinator's sexual harassment and abuse. As a result, Plaintiff requests an injunction directing ODOC to remove any retaliatory discipline and reverse the penal consequences of the discipline.

## PARTIES

5. Plaintiff J.G.T. was at all times relevant an inmate at TRCI.

6. Defendant State of Oregon administers ODOC, which owns and operates TRCI.

7. Defendant Felicia Jones was the food service manager at TRCI where Plaintiff worked. At all times, she acted under color of law and is sued in her individual capacity.

8. Defendant John Doe was Defendant Jones's supervisor and kitchen lead at TRCI. His name is not currently known to Plaintiff. Once his name is known, Plaintiff will amend the complaint. At all times, she acted under color of law and is sued in her individual capacity.

## JURISDICTION & VENUE

9. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and pursuant to 28 U.S.C. §1343(a)(3) and (4), civil rights jurisdiction.

10. Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the

claim arose in this Judicial District and Defendants were employed by ODOC in TRCI, which are located in Umatilla County.

## GENERAL FACTUAL ALLEGATIONS

11.     Inmates are required to work if they are able under Oregon law. If inmates are disciplined or terminated from their positions, they could incur negative consequences at TRCI including a "daily fail" or "program fail." A program or daily fail could result in lost opportunities for early release, preferential housing opportunities, and other negative consequences. The food service coordinator wielded an unequal power over Plaintiff. Sexual activity between an inmate and an ODOC employee or anyone employed to work at a prison is a crime under Oregon law. Or. Rev. Stat. §§ 163.452 and 163.454.

12.     On July 25, 2021, J.G.T. was hired by the TRCI kitchen.

13.     In December 2021, a new food service coordinator, defendant Jones, was hired to work in the kitchen. She supervised J.G.T. Throughout December 2021 and January 2022, the food service coordinator continued to flirt with J.G.T. and write him letters, telling him how much she liked him.

14.     On February 4, 2022, Jones directed him to accompany her to the trash area behind the kitchen building, which she knew was not covered by security cameras. She started rubbing his penis through his pants and kissing him. J.G.T. explained that he was married and did not want to continue. She exposed her breasts and performed oral sex on J.G.T. She told him, "Don't tell anyone and I won't get in trouble."

15.     On February 20, 2022, J.G.T. told her that he did not want to continue. She said, "Unless you want to go to the hole, you should keep quiet." She continued to tell J.G.T. she loved him and wanted to be together with him. This caused J.G.T. to feel trapped, and that he

had no choice but to continue to show up to work. Several times she told him to suck on her breasts or ask him to put his fingers in her vagina. Defendant Jones asked Plaintiff to ejaculate into a glove so she could impregnate herself.

16. Defendant Jones continued her sexual assaults and harassment on Plaintiff on February 21, 22, 23, and 24, 2022. She had him rub her breasts and masturbate with her. He did not want to do this but felt obligated to do so because she was his supervisor.

17. ODOC staff knew that the area was not covered by video surveillance and that staff could interact with inmates one-on-one. One-on-one interactions are restricted by ODOC policy because of the concern for abuse of inmates by staff. Allowing staff to interact with inmates on a one-on-one basis in a secluded area without video surveillance violated ODOC policy and was negligent.

18. Defendant Doe was aware that Defendant Jones was behaving inappropriately with Plaintiff and reprimanded Defendant Jones for being overly familiar with Plaintiff. Defendant Doe failed to protect Plaintiff from Defendant Jones by allowing her access to Plaintiff one-on-one in areas that were not covered by security cameras.

19. On, or around, February 28, 2022, J.G.T. was taken out of the kitchen and was no longer allowed to work in the kitchen.

20. On April 19, 2022, J.G.T. was placed in disciplinary segregation.

21. On May 20, 2022, J.G.T. was pulled out by PREA officer Stuart and gave a recorded interview.

22. J.G.T. suffered and continue to suffer severe emotional distress as a result of the food service coordinator's conduct.

23. J.G.T. timely served tort claim notices and exhausted his administrative remedies.

## COUNT I

## (Battery)

## (Against Defendant State)

24. Plaintiff realleges and incorporates all prior paragraphs as though fully set forth herein.

25. Defendant through its employee acting within the course and scope of her employment caused harmful and offensive contact with Plaintiff on multiple occasions, to wit, sexual assault.

26. As a result of the above-described battery, Plaintiff suffered mental, emotional, and physical pain and injuries. Plaintiff seeks compensatory damages to redress these injuries.

27. Plaintiff is entitled to costs and disbursements incurred herein.

## COUNT II

## (Negligence)

## (Against Defendant State)

28. Plaintiff realleges and incorporates all prior paragraphs as though fully set forth herein.

29. Defendant's conduct was unreasonable in light of the risk of harm to Plaintiff. As a consequence of Defendant's negligence, Plaintiff suffered emotional distress and economic harm. Defendant's conduct was a substantial factor in causing harm to Plaintiff.

30. Defendant knew or should have known that permitting the food service coordinator to have one-on-one interactions with inmates in a secluded area not covered by video surveillance created an unreasonable risk of harm to Plaintiff.

31. Defendant failed to use reasonable care in protecting Plaintiff from staff and its

conduct was negligent.

32. As a result of defendant's negligence, Plaintiff suffered emotional distress and economic harm. Plaintiff seeks economic and noneconomic damages to redress these injuries.

33. Plaintiff is entitled to costs and disbursements incurred herein.

## COUNT III

### (Or. Rev. Stat. § 124.105 - Vulnerable Persons Act)

### (Against Defendant State)

34. Plaintiff realleges and incorporates all relevant paragraphs as though fully set forth herein.

35. At all material times, Plaintiff was a vulnerable person.

36. Defendant's actions constituted physical abuse of Plaintiff. This violated Or. Rev. Stat. § 124.105. As a result of this sexual abuse, Plaintiff suffered emotional distress, including anxiety, fear, and humiliation.

37. Pursuant to Or. Rev. Stat. § 124.100(2)(b), Plaintiff is entitled to damages in an amount equal to three times all his non-economic damages, in an amount to be determined fair by a jury.

38. Pursuant to Or. Rev. Stat. § 124.100(2)(a), Plaintiff is entitled to three times all his economic damages resulting from the physical abuse of Plaintiff or $500.00, whichever is greater.

39. Pursuant to Or. Rev. Stat. § 124.100(2)(c), Plaintiff is entitled to his reasonable attorney fees and costs.

## COUNT IV

### (Or. Rev. Stat. § 659A.030(1)(b) and (f))

### (Against Defendant State)

40. Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

41. Defendant is an "employer" within the meaning of ORS 659A.001(4) and ORS 659A.030.

42. In violation of ORS 659A.030(1)(a) and (b), Defendant discriminated against Plaintiff because of his sex, created a hostile working environment, and retaliated against him.

43. As a result of Defendant's conduct, Plaintiff suffered and continue to suffer non-economic and economic damages. Plaintiffs are entitled to the relief, damages, attorney fees, costs, and interest alleged below.

44. Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment, the removal of any discipline, and reversal of the effects of any discipline. Plaintiffs are entitled to an award of economic damages, or $200, whichever is greater, and compensatory damages.

45. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

46. Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to recover reasonable attorneys' fees and costs, including expert witness fees.

47. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date they are paid.

## COUNT V

### (42 U.S.C. § 1983 – Eighth Amendment – Sexual Assault)

### (against Defendant Jones)

48. Plaintiff re-alleges all previous relevant paragraphs as if fully stated herein.

49. By subjecting Plaintiff to sexual assault, defendant Jones violated Plaintiff's Eighth Amendment Rights under the U.S. Constitution.

50. Defendant Jones caused Plaintiff emotional distress. Plaintiff seeks compensatory damages to redress these injuries.

51. Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT VI

### (42 U.S.C. § 1983 – Eighth Amendment – Failure to Protect)

### (against Defendant Doe)

52. Plaintiff re-alleges all previous relevant paragraphs as if fully stated herein.

53. By failing to protect Plaintiff to sexual assault, defendant Doe violated Plaintiff's Eighth Amendment Rights under the U.S. Constitution to be free from sexual assault.

54. Defendant Doe caused Plaintiff emotional distress. Plaintiff seeks compensatory damages to redress these injuries.

55. Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting him:

a) An award of compensatory damages, both economic and noneconomic, in a sum that is just as determined by a jury;

b) An award of punitive damages in a sum that is just as determined by a jury;

c) Treble damages;

d) Plaintiff's costs and attorney fees in this suit; and

e) Any additional relief this court deems just, proper, and equitable.

**Plaintiff requests a trial by jury on all matters so triable.**

DATED: February 5, 2024

**Law Offices of Daniel Snyder**

/s/ John Burgess
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Attorneys for Plaintiff